# EXHIBIT A



# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARDS LIFESCIENCES CORP. and<br>EDWARDS LIFESCIENCES LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC.,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)     CIVIL ACTION NO. 00-621-SLR<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between counsel for the parties that the terms

and conditions of this Stipulated Protective Order shall govern the handling of documents,

answers to interrogatories, depositions, pleadings, exhibits and all other information exchanged

by the parties in this action, or provided by or obtained from non-parties in this action.

It is hereby ORDERED as follows:

1.     This Order shall be applicable to and govern all depositions, documents,

information or things produced by a party or non-party in connection with this litigation in

response to requests for production of documents, answers to interrogatories, responses to

requests for admissions, answers to deposition questions and all other discovery taken pursuant

to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence

and other information which the disclosing party designates as "CONFIDENTIAL MATERIAL"

or "OUTSIDE ATTORNEYS ONLY MATERIAL" hereafter furnished, directly or indirectly, by

or on behalf of any party or any non-party witness in connection with this action. As used

herein, the term "party" shall include any predecessor, parent, or other company related to a

party. "Disclosing party" or "producing party" or "designating party" shall refer to the parties to this action and to third parties who give testimony or produce documents or other information. "Receiving party" shall refer to any party obtaining the testimony, documents, or information. This "litigation" or "action" refers to the above-entitled civil action and includes any appeal therefrom.

2.    In designating information as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL," a disclosing party shall make such a designation only as to materials which that party reasonably and in good faith believes pertain to its business and are not generally known or publicly available and which that party would normally not reveal to third parties or would cause third parties to maintain in confidence.

3.    The parties contemplate that "CONFIDENTIAL MATERIAL" shall include (a) economic, financial, marketing data and information and past business plans, (b) trade secret information, (c) information invasive of an individual's privacy interests, as recognized by applicable law, (d) sales summaries, and (e) other information of competitive, financial, or commercial significance comparable to the listed items (a) through (d) in this paragraph where such material is not otherwise "OUTSIDE ATTORNEYS ONLY MATERIAL," as defined in the next Paragraph.

4.    "OUTSIDE ATTORNEYS ONLY MATERIAL" includes (a) information pertaining to research and development regarding all products, whether commercially released or currently in development and not yet commercially released, (b) information pertaining to any process for manufacturing products, (c) detailed sales information which shows profit margins or losses, (d) current or future business plans, and (e) customer lists. "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" shall be used by the parties to

this litigation solely for the purpose of conducting this litigation, but not for any other purpose whatsoever. As an example only, such material shall not be used by a receiving party for any commercial purpose, for filing or prosecuting any patent application (of any type) or similar request for legal protection, for patent reissue, reexamination or opposition request, for developing a product, or for any competitive-decision making whatsoever in the business conducted by the receiving party.

5.    In the absence of written permission from the disclosing party or third party, or an order of the Court, information designated as "CONFIDENTIAL MATERIAL" shall be used solely for the purposes of litigation between the parties hereto, and may not be disclosed to any employee of a party or consultant to a party in the business conducted by the party (except as set forth below) and may be disclosed only to the following persons:

(a)    The outside attorneys who are counsel of record working on this action on behalf of any party, including paralegal assistants, technical, stenographic and clerical employees working under the direct supervision of such counsel; provided that, until two years after the conclusion of this litigation, any attorney or person working under the supervision of the attorney who receives anything designated "CONFIDENTIAL MATERIAL" by a party that is not his or her client shall not be directly responsible for, or actively involved with, the drafting of patent applications, claim language for patent applications or patents undergoing reexamination or reissue proceedings, or arguments made in support of patent applications or patents undergoing reexamination or reissue proceedings, before the U.S. Patent and Trademark Office or foreign patent offices, or the rendering of patentability opinions, that concern heart valves or annuloplasty rings or holders;

3

(b)     Any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial or to provide expert testimony, with disclosure only to the extent necessary to perform such work. Such outside experts and consultants shall not otherwise be current employees of a party or employed by a party within six (6) months prior to the disclosure of "CONFIDENTIAL MATERIAL". Such material will not be disclosed to any such expert or consultant until after a period of seven (7) business days after service on all parties of information regarding the identity of the expert or consultant, including his/her name, address and job title, the name and address of his/her employer and a current curriculum vitae including a list of all companies for which such person has consulted during the last year. If, within the seven (7) days of the date of such notice, another party objects to the provision of such material to the outside expert or consultant identified or to his or her employment, then unless the parties otherwise agree, the objecting party shall have seven (7) business days to file an appropriate motion to preclude the employment of the expert or consultant and/or disclosures of material to him or her, and no material will be disclosed until the motion is decided;

(c)     Only the following in-house litigation attorneys, and any paralegal assistants, technical, stenographic and clerical employees working under the direct supervision of such counsel: for Edwards Lifesciences Corp. and Edwards Lifesciences LLC (collectively "Edwards"), in-house attorneys Debra D. Condino and Bruce P. Garren; and for Medtronic, Inc. ("Medtronic"), in-house attorneys Tom Berry and Barbara Z. Ashley; provided that, until one year after the conclusion of this litigation, any attorney or person who receives anything designated "CONFIDENTIAL MATERIAL" by a party that is not his or her client shall not have substantive involvement in the prosecution of (1) any foreign or domestic patent applications

4

related to U.S. Patent Nos. 4,451,936 and 5,350,420 (collectively, "the patents-in-suit"), including any continuations, continuations-in-part, divisionals, or foreign counterparts of the patents-in-suit; (2) any foreign or domestic patent applications that describe or read on the subject matter of the patents-in-suit; (3) any foreign or domestic patent applications that describe or read on the accused products; and (4) any foreign or domestic patent applications related to U.S. Patent Nos. 5,522,884 and 5,669,919, including any continuations, continuations-in-part, divisionals, or foreign counterparts. As used in this Paragraph, the phrase "substantive involvement in the prosecution" shall mean the selection or identification of the subject matter of patent applications or claims, the drafting or modification of patent specifications, the drafting of any responses to Office Actions from the U.S. Patent and Trademark Office or any foreign patent office, the drafting or amendment of patent claims, and making decisions regarding the drafting or amendment of patent claims. As used in this paragraph, the phrase "accused products" shall mean any one of (1) the Hancock II or Mosaic bioprosthetic heart valves; (2) the Duran flexible annuloplasty rings and holders; or (3) any device substantially equivalent to such devices;

(d)    Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

(e)    Any person who authored and/or was an identified original recipient of the particular "CONFIDENTIAL MATERIAL" sought to be disclosed to that person;

(f)    Service contractors (such as document copy services);

(g)    Personnel of the Court and all appropriate courts of appellate jurisdiction; and

(h)    Any other person agreed to by the parties in writing.

6.     "CONFIDENTIAL MATERIAL" shall not be disclosed to persons described in paragraphs 5(b), (c) or (h) unless and until such person has executed an affidavit in the form attached as Exhibit A, and such form has been served on counsel of record for all parties.

7.     In the absence of written permission from the disclosing party or third party, or an order of the Court, information designated as "OUTSIDE ATTORNEYS ONLY MATERIAL" shall be used solely for the purposes of litigation between the parties hereto, and may not be disclosed to any employee of a party or consultant to a party in the business conducted by the party (except as set forth below) and may be disclosed only to the following persons:

(a)     Outside attorneys who are counsel of record, including paralegal assistants, technical, stenographic and clerical employees working under the direct supervision of such attorneys; provided that, until two years after the conclusion of this litigation, any attorney or person working under the supervision of the attorney who receives anything designated "OUTSIDE ATTORNEYS ONLY MATERIAL" by a party that is not his or her client shall not be directly responsible for, or actively involved with, the drafting of patent applications, claim language for patent applications or patents undergoing reexamination or reissue proceedings, or arguments made in support of patent applications or patents undergoing reexamination or reissue proceedings, before the U.S. Patent and Trademark Office or foreign patent offices, or the rendering of patentability opinions, that concern heart valves or annuloplasty rings or holders;

(b)     Any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in paragraph 7(a) to assist in preparation of this action for trial or to provide expert testimony, with disclosure only to the extent necessary to perform such work. Such outside experts and consultants shall not otherwise be current employees of a party or employed by a party within six (6) months prior to the disclosure of "OUTSIDE

ATTORNEYS ONLY MATERIAL". Such material will not be disclosed to any such expert or consultant until after a period of seven (7) business days after service on all parties of information regarding the identity of the expert or consultant, including his/her name, address and job title, the name and address of his/her employer and a current curriculum vitae including a list of all companies for which such person has consulted during the last year. If, within the seven (7) days of the date of such notice, another party objects to the provision of such material to the outside expert or consultant identified or to his or her employment, then unless the parties otherwise agree, the objecting party shall have seven (7) business days to file an appropriate motion to preclude the employment of the expert or consultant and/or disclosures of material to him or her, and no material will be disclosed until the motion is decided;

     (c)    Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

     (d)    Any person who authored and/or was an identified original recipient of the particular "OUTSIDE ATTORNEYS ONLY MATERIAL" sought to be disclosed to that person;

     (e)    Service contractors (such as document copy services);

     (f)    Personnel of the Court and all appropriate, courts of appellate jurisdiction; and

     (g)    Any other person agreed to by the parties in writing.

     8.    "OUTSIDE ATTORNEYS ONLY MATERIAL" shall not be disclosed to persons described in paragraphs 7(b) and (g) unless and until such person has executed an affidavit in the form attached as Exhibit A, and such form has been served on counsel for all parties.

     9.    All persons receiving "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" are enjoined from disclosing it to any other person, except

in conformance with this Order. Each individual who receives any "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order even after the conclusion of the litigation.

10.    The recipient of any "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information; provided, however, that Edwards' and Medtronic's designated in-house counsel shall maintain any "CONFIDENTIAL MATERIAL" provided pursuant to this Order in a locked file cabinet in a segregated file or in a locked room. "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summaries and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

11.    Each party shall be entitled to all remedies existing under law and equity if any information that is designated (at the time of the disclosure) "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" is used or disclosed in violation of this Protective Order, or if any term of this Protective Order is violated in any other way. It shall not be a defense to a request for injunctive relief related to the improper disclosure or misuse of

8

"CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" that the aggrieved party possesses an adequate remedy at law.

12.    Disclosing parties shall designate "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" as follows:

(a)    In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL." The foregoing shall not preclude the additional text in such legend, such as "Subject to a Protective Order" caption, or any other similar designation. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" at the time of its production, that party may after disclosure designate such information as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" by giving written notice to all parties. If a producing party inadvertently discloses information without designating such information as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL," that disclosure shall not be deemed a waiver of the protection to be accorded such a designation with regard to that information, or similar or related information. Under such circumstances, however, no receiving party shall have any liability due to any disclosure of the information which occurred prior to the receipt of such notice; provided, however, any subsequent disclosures shall be in accordance with such designation. The receiving party shall use its best efforts to immediately retrieve all copies of such document or information and to bind to the terms of this Order any person to whom the document or information was disclosed.

(b)    In the case of depositions, designation of the portion of the transcript

(including exhibits) which contains "CONFIDENTIAL MATERIAL" or "OUTSIDE

ATTORNEYS ONLY MATERIAL" shall be made by a statement to such effect on the record in

the course of the deposition; or upon review of such transcript, by counsel for the party to whose

"CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" the

deponent has had access, said counsel designating within thirty (30) days after counsel's receipt

of the transcript, and listing on a separate piece of paper the numbers of the pages and lines of

the transcript containing "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY

MATERIAL," inserting the list at the end of the transcript, and mailing copies of the list to

counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.

Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be

deemed "OUTSIDE ATTORNEYS ONLY MATERIAL." If no designation is made within

thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any

"CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" other

than those portions designated on the record during the deposition, if any, unless the transcript is

later designated as containing such information.

(c)    If a party designates a deposition transcript or exhibit as

"CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" more

than thirty (30) days after the transcript is received, then, upon receiving such notice, each party

shall treat the affected transcript and exhibits, and all copies thereof, as designated as the notice

states, and each receiving party shall make a reasonable effort to (1) prevent improper use or

disclosure of such information and (2) obtain the return of such information that it disclosed to

any person not authorized to receive such designated information. In this event, the designating

party shall pay for the costs of marking, recopying, retrieving, and returning or destroying any such information, transcripts, and exhibits.

        (d)    Any "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" produced in non-paper media (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL." In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL," in accordance with the non-paper media's designation, and the hard copy, transcription or printout shall be treated as it is designated.

        13.    All "CONFIDENTIAL MATERIAL" or any excerpt, reproduction, or paraphrase of "CONFIDENTIAL MATERIAL" filed with the Court shall be filed in seated envelopes or other appropriate sealed containers and shall, on the caption page, be endorsed with the following

**CONTAINS "CONFIDENTIAL MATERIAL" OF [Disclosing Party]**
**SUBJECT TO PROTECTIVE ORDER**
**NOT TO BE DISCLOSED OR OPENED EXCEPT BY ORDER OF THE COURT**

where "(Disclosing Party]" identifies the party that disclosed the "CONFIDENTIAL MATERIAL" contained in the filing. All "OUTSIDE ATTORNEYS ONLY MATERIAL" or any excerpt, reproduction, or paraphrase of "OUTSIDE ATTORNEYS ONLY MATERIAL" filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers and shall, on the caption page, be endorsed with the following

**CONTAINS "OUTSIDE ATTORNEYS ONLY MATERIAL" OF [Disclosing Party]**
**SUBJECT TO PROTECTIVE ORDER**
**NOT TO BE DISCLOSED OR OPENED EXCEPT BY ORDER OF THE COURT**

where "[Disclosing Party]" identifies the party that disclosed the "OUTSIDE ATTORNEYS ONLY MATERIAL" contained in the filing. The Clerk of this Court is directed to maintain under seal all material filed in this Court in this litigation which has been marked or designated, in whole or in part, as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" and filed in accordance with this Paragraph. A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing outside counsel of record. If a party's Court filing contains "OUTSIDE ATTORNEYS ONLY MATERIAL" designated as such by that party or by a non-party to this action, the party shall within three (3) business days provide all other parties a version of the Court filing in which such "OUTSIDE ATTORNEYS ONLY MATERIAL" has been redacted; provided, however, that such redacted version of the Court filing may still be designated as "CONFIDENTIAL MATERIAL."

14.    A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the disclosing party written notice of its disagreement with an explanation of the reasons for its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within ten (10) days after a party contests the designation, the party challenging the designation may request appropriate relief from the Court. The burden of proving that information has been properly designated as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" is on the party making such designation. The information shall be treated in accordance with the designation until the dispute is resolved.

15.    "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" shall be used by the receiving party only for the purpose of conducting this action and not for any business or other purpose whatsoever. No "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL," or the contents thereof, shall be disclosed to or used with any person, except as provided herein. Nothing contained in this Order shall preclude a disclosing party from using or disseminating its own "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL."

16.    Until seven (7) days after receipt, the receiving party shall treat all documents and things as "OUTSIDE ATTORNEYS ONLY MATERIAL," regardless of how such documents or things are designated. After that seven day period, however, documents and things shall be treated in accordance with how they are actually designated.

17.    Any entity that produces documents or things for inspection and copying may require by written notice to the receiving party that, with respect to each document or thing, (1) the document or thing shall be (a) treated as if it were designated as "OUTSIDE ATTORNEYS ONLY MATERIAL" and (b) reviewed only by persons whom this Order authorizes to receive "OUTSIDE ATTORNEYS ONLY MATERIAL" and (2) any copies, summaries, excerpts, compilations, notes, or other information obtained or generated during the inspection of the document or thing shall be treated as "OUTSIDE ATTORNEYS ONLY MATERIAL." After designation by the producing party, or thirty (30) days following the inspection, whichever is earlier, the documents and things shall be treated in accordance with the designations, if any, of the producing party.

18.    Any producing party may redact from the documents and things it produces (1) information not relevant to the subject matter of this litigation, and (2) matter that the producing

party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity. The producing party shall mark each document or thing where matter has been redacted with a legend stating "REDACTED FOR RELEVANCE" or "REDACTED FOR PRIVILEGE," as appropriate, or a comparable notice. Where a document consists of more than one page, at least the first page and each page on which information has been redacted shall be so marked. The producing party shall preserve an unredacted version of each such document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

19.    Nothing in this Order shall prevent or otherwise restrict outside counsel of record from rendering advice to his or her client who is a party to this action and, in the course thereof, the party relying generally on such counsel's examination of "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL"; provided, however, that in rendering such advice and otherwise communicating with such client, such counsel shall not disclose the contents of any documents or testimony so designated, except pursuant to this Order.

20.    In the event that any "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" is used in any court proceeding in this litigation, it shall not lose its "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use,

21.    Third parties (non-parties) may (i) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, as

"CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" to the same extent and in the same manner as parties to this litigation; and such documents or information shall be treated by the parties to this litigation in the same manner as documents or information so designated by a party; and (ii) intervene in this litigation to enforce the provisions of this Order as if they were a party.

22.    Notwithstanding the designation, as provided above, of any testimony, evidence, or other matters as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL," said documents, testimony, evidence and other materials shall not, in fact, be deemed "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" and shall not be subject to this Order, if the substance thereof:

(a)    is, at the time of disclosure by the designating party, public knowledge by publication or otherwise;

(b)    has become, at any time, and through no act or failure to act on the part of the recipient party and without breach of any obligation of confidence, public knowledge;

(c)    is, at the time of disclosure by the disclosing party, already in the possession of the recipient party, and that recipient party acquired it neither directly nor indirectly from the disclosing party; or

(d)    has been made available to the recipient party by a third person who obtained it by legal means and without any obligation of confidence to the disclosing party.

23    Notwithstanding any provision in this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict the use or disclosure of information, documents, or things if, at the time of such use or disclosure:

15

(a)    A party is merely using or disclosing its own information (a party may freely use and disclose its own "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL");

(b)    The Court has ordered such use or disclosure, or has ordered the relevant information de-designated (if the Court orders such use or disclosure, then unless the Court orders otherwise, the information, and any entity receiving any such information, shall otherwise be subject to this Protective Order);

(c)    Each party that produced the information or designated the information as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" has consented in writing to such use or disclosure.

(d)    The information is used or disclosed in the examination, at a deposition, hearing, or trial, of any current or former officer, director, employee, agent, expert, or consultant of the party whose information is used or disclosed, subject to the provisions regarding designating persons under this Protective Order;

(e)    The person or entity receiving the information wrote, was the source for, or lawfully previously received that information;

If any party disputes whether an exception enumerated above is applicable, then the party claiming the exception must establish by a preponderance of the evidence that the exception applies.

24.    If "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL," or any portion thereof, is disclosed by the receiving party, through inadvertence or otherwise, to any person or party not authorized under this Order, then the receiving party shall immediately bring all pertinent facts to the attention of all counsel of record, and without

16

prejudice to other rights and remedies available to the disclosing party, shall use its best efforts to immediately retrieve all copies of such document or information and to bind such person to the terms of this Order. In such event, the receiving party also shall (a) promptly inform such person of all the provisions of this Order; (b) immediately identify such person and all pertinent facts concerning the disclosure to the disclosing party, and (c) request such person to sign the acknowledgement in the form attached hereto as Exhibit A.

25.    Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" to an employee or consultant of the disclosing party or to an individual who either prepared the document, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from that party's own files which the party itself has designated as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL."

26.    In the event any receiving party having possession, custody or control of any "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such receiving party shall immediately notify counsel for the disclosing party or third party of the subpoena or other process or order, furnish counsel for the disclosing party or third party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the disclosing party or third party whose interests may be affected. The disclosing party or third party asserting the "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY

MATERIAL" treatment shall have the burden of defending against such subpoena, process or order. The receiving party receiving the subpoena or other process or order shall be entitled to comply with it, except to the extent (1) the disclosing party or third party asserting the "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order; or, (2) (a) the subpoena, process, or order need not be compiled with yet and (b) the receiving party receives notice, within ten (10) days after it notifies each disclosing party of the existence of the subpoena process, or order, that the disclosing party has or will contest the subpoena, process, or order.

27.    Counsel for either party shall have the right to exclude from oral depositions, other than the deponent and the reporter, any person who is not authorized by this Protective Order to receive documents or information designated "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL." Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL."

28.    Within sixty (60) days of the termination of litigation between the parties, all "CONFIDENTIAL MATERIAL," all "OUTSIDE ATTORNEYS ONLY MATERIAL" and all copies thereof, including those copies given to experts, shall be returned to the party which produced it or shall be destroyed. Counsel of record for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product, not including transcripts, exhibits, and written discovery responses.

29.    Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action. This Order shall remain in force and effect

until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written request.

30.    This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court.

31.    This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

32.    Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity. Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

33.    If any party claims that it has inadvertently disclosed information subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity, such disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure if the producing party provides written notice of the inadvertent disclosure upon learning of the disclosure. The parties reserve all rights to seek the return or destruction of all such information and anything relating to such information (including without limitation notes or work product), and to preclude the further use or disclosure thereof.

34.    Upon receipt of such notice of inadvertent disclosure, each receiving party shall immediately return or destroy all copies of any documents and things that the disclosing party claims it inadvertently disclosed, and until any issue of how to treat such information is resolved

(for example, by Court order or agreement of the parties), such information shall be treated as though it is subject to the claimed privilege or immunity, and shall not be further used or disseminated by the receiving party. The party claiming inadvertent disclosure shall pay for the cost of returning and destroying such documents and things. If any receiving party disputes that any such information is subject to such privilege or immunity, or otherwise disagrees about the return, disclosure, or use of any such information, then that party and the party claiming inadvertent disclosure shall meet and confer in good faith to attempt to resolve their disagreement. If those parties cannot resolve their agreement within ten (10) days after receipt of such notice, then any of those parties may thereafter petition the Court to resolve the matter. The party seeking to designate the information as subject to privilege or immunity shall have the burden of proving that the information is subject to privilege or immunity. The Court will rule on claims of privilege or immunity without regard to the fact that such information has been disclosed or used.

35.    Changes or exceptions to this Protective Order may be made only by written agreement of the parties or court order.

36.    This Protective Order does not abridge and is without prejudice to the rights of a party: (1) to oppose, or object to the disclosure, production, use, or admissibility of anything, or to refuse to disclose or produce anything, based on any available legal grounds or objections, (2) to modify or seek relief from this Protective Order, (3) to seek judicial review or other appropriate action regarding any Court ruling concerning information that is or was designated "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL", or (4) to seek any additional information and documents that it deems confidential but are not designated as "CONFIDENTIAL MATERIAL" or "OUTSIDE ATTORNEYS ONLY MATERIAL".

So Stipulated and Agreed,

POTTER ANDERSON & CORROON LLP                 CONNOLLY BOVE LODGE & HUTZ LLP

By: _____                 By: _____
    Philip A. Rovner (#3215)                      Patricia Smink Rogowski (#2632)
    Hercules Plaza                                1220 Market Street
    P.O. Box 951                                  P.O. Box 2207
    Wilmington, DE  19899                         Wilmington, DE  19899
    (302) 984-6000                                (302) 658-9141

Dated: __2/21/01__                            Dated: __February 16, 2001__

James J. Elacqua                              R.V. Lupo
Andrew N. Thomases)                           Brian E. Ferguson
BROBECK, PHLEGER & HARRISON, LLP              Christopher D. Bright
Two Embarcadero Place                         MCDERMOTT, WILL & EMERY
Palo Alto, CA 94303                           600 Thirteenth Street, N.W.
(650) 424-0160                                Washington, DC 20005-3096
                                              (202) 756-8000
W. Bryan Farney
Steven R. Daniels
BROBECK, PHLEGER & HARRISON, LLP              Dr. James K. Fitzpatrick, Esq.
4801 Plaza on the Lake                        McDermott, Will & Emery
Austin, TX 78746                              227 West Monroe Street, Suite 4400
(512) 330-4000                                Chicago, IL 60606
                                              (312) 984-7564
Attorneys for Plaintiffs
EDWARDS LIFESCIENCES CORP. and                Attorneys for Defendant
EDWARDS LIFESCIENCES LLP                      MEDTRONIC, INC.


        IT IS SO ORDERED.

                        _____
                        United States District Court Judge

Dated: _____2/23_____, 2001

456215

<u>EXHIBIT A</u>

AGREEMENT CONCERNING INFORMATION
COVERED BY STIPULATION AND PROTECTIVE ORDER

I, _____, hereby acknowledge that

       a)    I have received a copy of the Stipulation and Protective Order entered in this action by the United States District Court for the District of Delaware (hereinafter, "the Protective Order"),

       b)    I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney,

       c)    I understand the terms of the Protective Order and agree to comply with and to be bound by such terms,

       d)    If I receive documents or information designated as CONFIDENTIAL MATERIAL or OUTSIDE ATTORNEYS ONLY MATERIAL, I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order,

       e)    I agree to hold in confidence and not further disclose or use for any purpose (other than as permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order, and

       f)    I hereby submit myself to the jurisdiction of the United States District Court for the District of Delaware for resolution of any matters pertaining to the Protective Order.

My address is _____

My present employer is_____

Signature_____     Date_____

22

# EXHIBIT B

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT C

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT D

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT E

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT F

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT G

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT H

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT I

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT J

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT K

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT L

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT M

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT N

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT O

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT P

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT Q

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY